TRUSTEES OF the NATIONAL AUTO-MATIC SPRINKLER INDUSTRY PENSION FUND, Welfare Fund, National Automatic Sprinkler Local 669, UA Educational Fund, and the Local 669, Vacation Savings Fund, Plaintiffs,

v.

BEST AUTOMATIC FIRE PROTECTION, INC., Defendant.

Civ. A. No. R–83–2489.

United States District Court,
D. Maryland.

Oct. 18, 1983.

Joseph P. Boyle, O'Donoghue & O'Donoghue, Rockville, Md., for plaintiff.

Robert E. Hall, Bob Hall & Associates, Houston, Tex., Walter S. Levin, Weinberg & Green, Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

RAMSEY, District Judge.

Currently before the Court is defendant Best Automatic Fire Protection, Inc.'s motion for transfer of action pursuant to 28 U.S.C. § 1404(a) and 29 U.S.C. § 1132(e)(2). Defendant asks that this action be transferred from this Court to the United States District Court for the Southern District of Texas. Plaintiff trustees oppose the motion. The Court now rules pursuant to Local Rule 6 without the need for oral argument.

The trustees of the National Automatic Sprinkler Industry Pension Fund, Welfare Fund, National Automatic Sprinkler Local 669, UA Education Fund, and the Local 669, Vacation Savings Fund brought this action, which is one of six related ERISA contribution suits filed in this Court, against defendant Best Automatic Fire Protection, Inc., alleging that this employer failed to make contributions to these funds as required by a collective bargaining agreement. They bring this action under Section 502 of the Employee Retirement Income Security Act of 1974 [ERISA], 29 U.S.C. § 1132. Defendant, a small Texas company, moves to transfer this action to the Southern District for Texas, Houston Division, contending that venue in the District of Maryland would be inconvenient and costly to the defendant, its officers, and its witnesses. The majority of defendant's motion and accompanying memorandum, however, discusses the merits of its defense to the plaintiff's allegations.

Under 29 U.S.C. § 1132(e)(2), an action to collect monies owed under an ERISA plan "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found." In drafting this section, Congress intended to provide ERISA participants and beneficiaries (and, of course, the fiduciaries who administer these plans) "ready access to the Federal courts." 29 U.S.C. § 1001(b). "Congress intended to open the federal forum to ERISA claims to the fullest extent possible." *Fulk v. Bagley,* 88 F.R.D. 153, 167 (M.D.N.C.1980). ERISA's

> enforcement provisions have been designed specifically to provide ... participants and beneficiaries with broad remedies for redressing or preventing violations of the Act. The intent of the Committee is to provide the full range of legal and equitable remedies available in both state and federal courts and to remove jurisdictional and procedural obstacles which in the past appear to have hampered effective enforcement of fiduciary responsibilities under state law for recovery of benefits due to participants. For actions in federal courts, nationwide service of process is provided in order to remove a possible procedural obstacle to having all proper parties before the Court.

H.R.Rep. No. 93–533, 93rd Cong., 1st Sess. 17 (1973), *reprinted in* [1974] U.S.Code Cong. & Ad.News, pp. 4639, 4655.

Venue is permissible within the District of Maryland because the funds which are at the center of this controversy are administered within this District. 29 U.S.C. § 1132(e)(2); *see I.A.M. National Pension Fund v. Wakefield Industries, Inc.,* 699 F.2d 1254, 1257 (D.C.Cir.1983) (dicta). The sole case cited by defendant on this point, *Varsic v. United States District Court for the Central District of California,* 607 F.2d 245 (9th Cir.1979), actually strengthens plaintiffs' contention that venue is appropriate in Maryland under 29 U.S.C. § 1132(e)(2). In *Varsic,* the Ninth Circuit concluded that "the provision is intended to expand, rather than restrict, the range of permissible venue locations." *Id.* at 248.

28 U.S.C. § 1404(a) provides that: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been

brought." Although the defendant and its officers and witnesses may be inconvenienced by a transfer of venue under this section, 29 U.S.C. § 1132(e)(2) encourages courts to accept the venue in which ERISA actions are filed. *See Varsic, supra* at 247–48. In addition, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Development Co. of America v. Insurance Co. of North America,* 249 F.Supp. 117, 118 (D.Md.1966), *citing Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). This Court will abide by plaintiffs' choice of forum, especially in light of the five other cases now pending before this Court.

For the reasons stated herein, it is this 18th day of October, 1983, by the United States District Court for the District of Maryland,

ORDERED:

1. That defendant Best Automatic Fire Protection, Inc.,'s motion for transfer of action is DENIED; and

2. That the Clerk of the Court shall mail copies of this Memorandum and Order to all counsel of record.