**TRUSTEES OF the NATIONAL ASBES-
TOS WORKERS PENSION FUND
AND MEDICAL FUND**

v.

**LAKE ERIE INSULATION COMPANY.**

Civ. No. PN–87–2772.

United States District Court,
D. Maryland.

July 19, 1988.

Joseph P. Boyle and James R. O'Connell, O'Donoghue & O'Donoghue, Rockville, Md., for plaintiffs.

Marcy M. Hallock, Baltimore, Md., Richard W. Perhacs, Elderkin, Martin, Kelly, Messina & Zamboldi, Erie, Pa., Dennis Haines, Green, Haines, Sgambati, Murphy & Maca, L.P.A., Youngstown, Ohio, for third party defendant.

## MEMORANDUM AND ORDER

NIEMEYER, District Judge.

Plaintiffs, who are trustees of a multi-employer benefit plan, administered in Landover, Maryland, have brought this action under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1002(3) and (37). They seek to compel defendant to make delinquent contributions owed by defendant under a collective bargaining agreement with Local Union No. 35, International Association of Heat and Frost Insulators and Asbestos Workers, AFL–CIO. The defendant has filed a motion to transfer this action to the Western District of Pennsylvania where defendant is located. The plaintiffs have filed an opposition to the transfer and the Court is prepared to rule on the papers, finding oral argument unnecessary. Local Rule 6, District of Maryland.

The defendant points out fairly that its business, employees, witnesses, and documents are all located entirely in the Western District of Pennsylvania. It refers to the fact that the incident, presumably the failure to pay into the benefit plan, also occurred there. It is not a corporation of extensive resources and contends that it would be expensive and inconvenient for it to litigate this case in this district. Recognizing that 29 U.S.C. § 1132(e)(2) (the venue provision of ERISA) provides that venue lies in this district, the defendant urges that the Court exercise its discretion under 28 U.S.C. § 1404(a) to transfer the action for the convenience of the parties and witnesses and in the interest of justice.

At the same time that the defendant filed its motion to transfer, it named the Local 35 as a third-party defendant on the basis that the Local 35 specifically advised defendant not to make the payments for which plaintiffs have filed this action. The defendant points out that the geographical area covered by Local 35 is western Pennsylvania and eastern Ohio, with its offices nearby in Youngstown, Ohio.

Finally, the defendant urges that since this complaint is founded not only on ERISA but also on § 301 of the Labor Management Relations Act (29 U.S.C. § 185(a)), the general venue statute, 28 U.S.C. § 1391, is applicable and the action based on that jurisdiction will be proper only in the Western District of Pennsylvania.

The defendant did not address the convenience or expense to the plaintiffs if the action were transferred nor did it address the policy of Congress in establishing as an appropriate venue under ERISA the district where the fund is administered, in this case Maryland.

The plaintiffs point out that their corporate office is located in Landover, Maryland, in this district, and that the Plan is a multi-employer one that is administered from that same location. They note that they, as trustees, have many actions pending to enforce the Plan and to invoke the broadly stated policy of the Congress in facilitating enforcement. They note that ERISA's enforcement provisions where designed specifically:

> [T]o provide participants and beneficiaries with broad remedies for redressing or preventing violations of the Act the intent of the committee is to provide the full range of legal and equitable remedies available in both state and federal courts and to remove jurisdictional and procedural obstacles which in the past appear to have hampered effective enforcement of fiduciary responsibilities under state law for recovery of benefits due to participants. For actions in federal courts, nationwide service of process is provided in order to remove a possible procedural obstacle to having all proper parties before the Court....

H.R. 93–533, 93rd Congress, Second Session 17 (1973), reprinted in 1974 U.S.Code Cong. & Ad.News 4639, 4655.

The plaintiffs' choice of forum should not be disturbed unless the balance of equities is strongly in favor of the defendant. *Gulf Oil v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). The defendant does not meet his burden by showing the inconvenience to it without addressing the inconvenience to plaintiffs and the interest of justice. It is well recognized that a transfer will not be effected where the inconvenience to the defendant would simply be shifted to the plaintiff. *See, e.g., Trustees v. Best Automatic Fire Protection, Inc.*, 578 F.Supp. 94 (D.Md.1983).

The defendant may well be correct in its contention that the resources of the plaintiffs exceeds substantially those of defendant. The Trustees, however, are given the privilege to sue employers who fail to contribute to the fund in the district where the plan is administered without regard to the location of the employers. This policy of Congress no doubt is a special venue provision reflecting the intent to facilitate enforcement of ERISA and minimize the expense to the Trustees and the fund in collecting delinquent payments.

Although the plaintiffs relied in their jurisdictional statement on the provisions of the Labor Management Relations Act, 29 U.S.C. § 185(a), the claim as stated in the complaint is simply for the recovery of delinquent payments to a multi-employer plan governed by ERISA. A claim not covered by special venue is governed by the general venue provisions set forth in 28 U.S.C. § 1391 which would require that this action be brought "only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law." The special venue of ERISA, however, governs this action. See *Dolly Toy Co. v. Bancroft–Rellim Corp.*, 97 F.Supp. 531 (S.D.N.Y.1951).

Accordingly, for the reasons stated herein, it is this *19th* day of July, 1988, by the United States District Court for the District of Maryland, ORDERED:

That the defendant's motion to transfer is hereby DENIED.