**Robert E. MALONE, Plaintiff,**

v.

**COMMONWEALTH EDISON COMPANY and International Brotherhood of Electrical Workers Local 15, Defendants.**

**No. 97 Civ. 7139 (JSR).**

United States District Court,
S.D. New York.

April 29, 1998.

Thomas G. Moukawsher, Moukawsher & Walsh, L.L.C., Groton, CT, for Plaintiff.

## MEMORANDUM ORDER

RAKOFF, District Judge.

Plaintiff brings an ERISA claim against his former employer, defendant Commonwealth Edison Company ("ComEd"), and a claim for breach of "contractual duties and/or ... duty of fair representation" against his union, defendant International Brotherhood of Electrical Workers Local 15 ("Local 15"). Complaint ¶¶ 12, 14, 25. Defendants have moved to dismiss or, in the alternative, for transfer of this action to the Northern District of Illinois. For the reasons briefly stated below, defendants' motion to transfer is hereby granted.

This case fits the natural purview of the Northern District of Illinois like a plug fits a socket. Among other things, defendant ComEd is an Illinois corporation with its principal place of business in Chicago. *See* McGarrity Aff. ¶ 2. Its business is selling electricity to customers in the northern third of Illinois, and all of its 16,900 employees work in the state of Illinois. *See id.* ¶¶ 2, 5. Conversely, it is not licensed for business in New York, has no offices, facilities, or employees of any kind in New York, does not sell electricity here, does not possess or lease any real property here, and does not owe or pay any taxes in New York State. *See id.* ¶ 3, 5.

Likewise, all employees represented by co-defendant Local 15 work in Illinois, the offices of the Local are located in Illinois, the Local is chartered to do business in Illinois and not authorized to do business in New York, and the Local has never had any contacts with New York. *See* Starr Dec. ¶¶ 1–3; O'Reilly Dec. ¶ 2.

Finally, and perhaps most tellingly, ComEd records reveal that the plaintiff himself still lives at the same address in Beecher, Illinois where he lived during his employment by ComEd and that his retiree benefits are directly deposited into his bank account in that town. *See* Nelson Aff. ¶ 2.

Plaintiff does not dispute any of these facts[1] but simply avers that he was unable to retain an attorney for this case until he read about his current Connecticut attorneys in the newspaper and found he was able to afford them, and that his chances of pursuing his claim would be jeopardized by the added cost of retaining an Illinois attorney. Malone Aff. ¶¶ 5–7. Plaintiff also submits the affidavit of his attorney, Thomas G. Moukawsher, Esq., stating that in the past he (Moukawsher) was "unable to find counsel [in Illinois] competent in ERISA breach of fiduciary duty cases willing to perform local counsel work or act as plaintiff's counsel without compensation on a billable hourly basis." Moukawsher Aff. ¶ 4. Plaintiff's attorney further alleges that in the district courts of Illinois ERISA law is "largely undeveloped." *Id.* ¶¶ 5, 6.

From the above, it is evident that both defendants would be subject to personal jurisdiction in Illinois and that venue over this action would be proper in the Northern District of Illinois, and plaintiff does not argue otherwise. The Court must therefore determine whether the factors favoring transfer are sufficient to overcome the deference otherwise accorded a plaintiff's choice of forum, *see* 28 U.S.C. § 1404(a); *Pilates v. Pilates Institute, Inc.,* 891 F.Supp. 175, 182 (S.D.N.Y.1995); *see also Trustees of Nat'l Automatic Sprinkler Industry Pension Fund v. Best Automatic Fire Protection, Inc.,* 578 F.Supp. 94, 95–96 (D.Md.1983) (Congressional purpose to give ERISA plain-

---

**1.** While plaintiff alleges that ComEd "does extensive banking and securities business in New York City" and that Local 15's parent union "has offices and does extensive business in New York City," Malone Aff. ¶ 8, he does not contend that any of these alleged relationships pertain in any way to the substantive allegations of the Complaint.

tiffs a broad choice of venue). In making this determination, relevant factors typically include "(1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of circumstances." *Pilates,* 891 F.Supp. at 183 (citations omitted). However, each factor need not be accorded equal weight, and other factors may be considered. In the end, the determination must be "case-specific," and made "according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 622, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)).

Here, almost all of the above-listed factors favor transfer to the Northern District of Illinois: all parties, including plaintiff, are located there; all of the relevant events took place there; and all of the relevant documents, evidence, and witnesses will be found there. *See generally Coker v. Bank of America,* 984 F.Supp. 757, 766 (S.D.N.Y.1997); *Tomchuck v. Union Trust Co.,* 875 F.Supp. 242, 245 (S.D.N.Y.1995). Moreover, although plaintiff's main argument against transfer of this action is that such transfer will be inconvenient for his counsel and may require further expenses that he will be unable to bear, the weight to be given these factors is significantly diminished by the fact that discovery in this matter is already concluded, and all that potentially remains is summary judgment practice (if any) and a short trial. *See generally Coker,* 984 F.Supp. at 767 (collecting cases); *Chichelo v. Hoffman–La Roche, Inc.,* 1997 WL 654637, at *3 (S.D.N.Y.1997); *Bordiga v. Directors Guild of America,* 159 F.R.D. 457, 463 (S.D.N.Y.1995).

██ Moreover, the already-strong case for transfer is still further buttressed by consid-

erations of judicial economy, for, without such transfer, the case will effectively have to be tried twice, since the Court lacks personal jurisdiction over Local 15. Specifically, plaintiff's sole basis for asserting that personal jurisdiction over Local 15 is proper in this District is the theory that someone who sues a local is entitled to personal jurisdiction over that local wherever the national union would be subject to such jurisdiction. *See* Plaintiff's Aff. ¶ 8; Plaintiff's Memorandum at 3. However, this theory, by which largely autonomous union locals of national unions would be subject to personal jurisdiction in every district in the country, has been repeatedly rejected. *See, e.g., Reed v. International Union of United Automobile, Aerospace & Agricultural Implement Workers of America,* 945 F.2d 198, 202 (7th Cir.1991) ("[T]he mere fact that Local 1999 is affiliated with the International should not justify jurisdiction; otherwise local unions would be required to defend suits in every state where their international union has a presence."); *Local 670 v. International Union, United Rubber, Cork, Linoleum and Plastic Workers of America,* 822 F.2d 613, 621 (6th Cir. 1987) (same); *cf. Bacino v. American Federation of Musicians,* 407 F.Supp. 548, 552–54 (N.D.Ill.1976).

Concurring with this line of decisions, this Court concludes that it lacks personal jurisdiction over Local 15. *See generally* 29 U.S.C. § 185; *Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.,* 84 F.3d 560, 567–69 (2d Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 508, 136 L.Ed.2d 398 (1996); *Reed,* 945 F.2d at 201 n. 3. Rather than dismissing the action against Local 15, however, the Court can, and hereby does, exercise its power to transfer the claims against Local 15, along with the rest of the case, to the Northern District of Illinois, which does have personal jurisdiction over this defendant.[2] *See Spar, Inc. v. Information Resources, Inc.,* 956 F.2d 392, 394 (2d Cir.1992); *Corke v. Sameiet M.S. Song of Norway,* 572 F.2d 77, 80 (2d Cir.1978); *Worldwide Futgol Assocs., Inc. v. Event Entertainment, Inc.,* 983 F.Supp. 173, 182 (E.D.N.Y.1997). Such a transfer is in the "interest of justice," 28 U.S.C. § 1404(a),

---

**2.** Indeed, Illinois is perhaps the only jurisdiction "where all defendants are subject to personal jurisdiction." *Insight Data Corp. v. First Bank* *Systems, Inc.,* 1998 WL 146689, at *7 (S.D.N.Y. 1998).

§ 1406(a),[3] and ensures that "both of plaintiff's claims—which are intimately related and involve the same events and witnesses—may be heard at once in the same forum." *Insight Data Corp. v. First Bank Systems, Inc.*, 1998 WL 146689, at \*7 (S.D.N.Y.1998); *see also Animation Station, Ltd. v. Chicago Bulls, LP*, 1998 WL 31502, at \*3 (S.D.N.Y. 1998).[4]

For the foregoing reasons, the Clerk of the Court is hereby directed to promptly transfer this action in its entirety to the United States District Court for the Northern District of Illinois.

SO ORDERED.

---

**3.** Although the choice between § 1404 and § 1406 as a basis for transfer may have choice of law implications, *see Maltz v. Union Carbide Chemicals & Plastics Co., Inc.*, 992 F.Supp. 286, 1998 WL 25725, at \*4 (S.D.N.Y.1998), in this case this issue is an irrelevancy, because under any conceivable choice of law analysis Illinois law would apply to a state law claim, *see* Plaintiff's Memorandum at 6 (stating that the Complaint asserts a common-law breach of contract claim).

**4.** Because transfer of this action is appropriate even assuming that personal jurisdiction and venue are both proper in this district as to defendant ComEd, the Court does not reach ComEd's motion to dismiss for lack of personal jurisdiction and venue. *See Lencco Racing Co. v. Arctco, Inc.*, 953 F.Supp. 69, 73 n. 4 (W.D.N.Y.1997) (stating that a motion to transfer may be considered prior to a motion to dismiss for lack of personal jurisdiction and venue). The Court also deems Local 15's motion to dismiss on substantive grounds—failure to fulfill the requirements of a hybrid action, failure to exhaust administrative remedies, and failure to meet the applicable statute of limitations—to be moot, and therefore denies it without prejudice.