AMERSHAM PHARMACIA BIOTECH, INC., Plaintiff,

v.

The PERKIN–ELMER CORPORATION, Defendant.

No. 98 Civ. 3660 (JSR).

United States District Court, S.D. New York.

Aug. 27, 1998.

James H. Shalek, Lyon & Lyon, LLP, White Plains, NY, for Plaintiff.

Daniel A. DeVito, Weil, Gotshal & Manges, LLP, New York City, for Defendant.

*MEMORANDUM ORDER*

RAKOFF, District Judge.

Plaintiff Amersham Pharmacia Biotech ("Amersham"), a Delaware corporation with its principal place of business in New Jersey, filed this patent infringement action on May 21, 1998 in the United States District Court for the Southern District of New York. Defendant The Perkin–Elmer Corporation ("Perkin–Elmer") promptly moved to transfer the case to the Northern District of California, pursuant to 28 U.S.C. § 1404(a). Upon review of the parties' written submissions and oral arguments, the Court hereby grants defendant's motion, substantially for the reasons set forth below.

Section 1404(a) empowers a district court to transfer any civil action, "for the convenience of parties and witnesses, in the interest of justice," to any other federal district where it might have been brought. 28 U.S.C. § 1404(a). Amersham does not dispute that this case could have been brought in the Northern District of California. Once

this prerequisite has been established, resolution of a § 1404(a) motion lies "within the broad discretion of the district court and [is] determined upon notions of convenience and fairness on a case-by-case basis." *In re Cuyahoga Equipment Corp.,* 980 F.2d 110, 117 (2d Cir.1992).

In exercising such discretion, courts commonly consider at least nine factors, viz., (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of circumstances. *See Pilates v. Pilates Institute,* 891 F.Supp. 175, 183 (S.D.N.Y.1995); *Constitution Reinsurance Co. v. Stonewall Insurance Co.,* 872 F.Supp. 1247, 1250 (S.D.N.Y.1995). However, "each factor need not be accorded equal weight, and other factors may be considered." *Malone v. Commonwealth Edison Co.,* 2 F.Supp.2d 545, 547 (S.D.N.Y.1998).

Of the factors enumerated above, the first two, "the convenience of witnesses" and "the location of relevant documents and relative ease of access to sources of proof," loom large when deciding between fora separated by roughly 3,000 miles. (The third factor, "convenience of the parties," is less weighty when, as here, the suit is between two large corporations that regularly conduct business on a national or international basis.) Evaluation of the first two factors is typically dependant, moreover, on identification of the fourth factor, the "locus of the operative facts." In the instant case, all three of these factors support transfer to the Northern District of California.

The Northern District of California is clearly the locus of most of the operative facts of this case. The allegedly infringing device was developed at Perkin–Elmer's Applied Biosystems Division within that district, and the resultant product line is managed there. *See* Grossman Decl. ¶ 10. As a result, most of the witnesses, documents, and sources of proof concerning the alleged infringement will be found in the Northern District of California. *Id.* Conversely, none of the putative witnesses and documents identified by the parties as located outside the Northern District of California are to be found in the Southern District of New York. *See, e.g.,* Pl.'s Mem. in Opp'n at 13–14. Indeed, the only apparent connections between this litigation and the Southern District of New York are (1) the fact that Perkin–Elmer is incorporated in New York and (2) the allegation that 112 of the allegedly infringing devices were sold to New York customers. *Id.* at 8, 14. The facially modest significance of these two allegations is further diminished by the additional allegations that (1) it was a California division of Perkin–Elmer that developed the allegedly infringing device, and (2) total sales of the allegedly infringing device, which so far exceed 3,000, indicate no special concentration of sales in New York, *See* Beadling Decl. at ¶ 6.

The fifth, sixth and seventh factors listed above are of no particular moment within the context of this case and may be disregarded. Attention must always be paid, however, to the eighth factor—"the weight accorded the plaintiff's choice of forum"—for "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Ford Motor Co. v. Ryan,* 182 F.2d 329, 330 (2d Cir.1950). Where, however, there is, as here, such a tenuous connection between plaintiff's claims and the Southern District of New York, the plaintiff's selection of this forum has an artificial quality that entitles a court to give it less weight. *See, e.g., Anadigics, Inc. v. Raytheon Co.,* 903 F.Supp. 615, 616 (S.D.N.Y.1995).

By contrast, the ninth factor, involving "trial efficiency," weighs heavily in favor of transfer. Specifically, there is presently pending in the Northern District of California another patent infringement action involving the same parties and similar issues, *Perkin–Elmer Corp. v. Amersham Pharmacia Biotech,* No. C98–01015 (Honorable Charles R. Breyer, U.S.D.J.). With the consent of both parties, the Court, following oral argument of this motion, conferred with

Judge Breyer, who confirmed that he would accept the two cases as related under the rules of the Northern District of California and, indeed, intended promptly to refer both cases to a single Magistrate Judge for the purposes of pre-trial discovery and settlement. The gain in judicial efficiency inherent in such a consolidation strongly supports defendant's motion. *See Manufacturers Hanover Trust Co. v. Palmer Corp.,* 798 F.Supp. 161, 165 (S.D.N.Y.1992).

In short, every significant factor except plaintiff's choice of forum supports transfer, and that factor is entitled to less weight here than in the usual case. Accordingly, for the foregoing reasons, defendant's motion is granted and the Clerk of the Court is directed to transfer this case to the Northern District of California.

SO ORDERED.