The ALBERT FADEM
TRUST, Plaintiff,

v.

DUKE ENERGY CORPORATION, Richard Priory, Robert Brace, William Coley, Fred Fowler, Harvey Padewer and Deloitte & Touche, LLP, Defendants.

Wickerware, Inc. Profit Sharing Plan, Individually and On Behalf of All Others Similarly Situated, Plaintiff,

v.

Duke Energy Corporation, Richard Priory, Robert Brace, David Hauser, Keith G. Butler, Sandra P. Meyer, Jeffrey L. Boyer, and Richard J. Osborne, Defendants.

Barry Family, LP, Individually and On Behalf of All Others Similarly Situated, Plaintiff,

v.

Duke Energy Corporation, Richard Priory, Robert Brace, David Hauser, Keith G. Butler, Sandra P. Meyer, Jeffrey L. Boyer, and Richard J. Osborne, Defendants.

Donald Goldstein, Individually and On Behalf of All Others Similarly Situated, Plaintiff,

v.

Duke Energy Corporation, Richard Priory, Robert Brace, David Hauser, Keith G. Butler, Sandra P. Meyer, Jeffrey L. Boyer, and Richard J. Osborne, Defendants.

David L. Boushey, Individually and On Behalf of All Others Similarly Situated, Plaintiff,

v.

Duke Energy Corporation, Richard Priory, Robert Brace, David Hauser, Keith G. Butler, Sandra P. Meyer, Jef-

frey L. Boyer, and Richard J. Osborne, Defendants.

Margie Elstein, Individually and On Behalf of All Others Similarly Situated, Plaintiff,

v.

Duke Energy Corporation, Richard Priory, Robert Brace, David Hauser, Keith G. Butler, Sandra P. Meyer, Jeffrey L. Boyer, and Richard J. Osborne, Defendants.

Sandra Finkel, Individually and On Behalf of All Others Similarly Situated, Plaintiff,

v.

Duke Energy Corporation, Richard Priory, Robert Brace, David Hauser, Keith G. Butler, Sandra P. Meyer, Jeffrey L. Boyer, and Richard J. Osborne, Defendants.

J.B. Pozner Trust, Individually and On Behalf of All Others Similarly Situated, Plaintiff,

v.

Duke Energy Corporation, Richard Priory, Robert Brace, David Hauser, Keith G. Butler, Sandra P. Meyer, Jeffrey L. Boyer, and Richard J. Osborne, Defendants.

Alan Kushner, Individually and On Behalf of All Others Similarly Situated, Plaintiff,

v.

Duke Energy Corporation, Richard Priory, Robert Brace, David Hauser, Keith G. Butler, Sandra P. Meyer, Jeffrey L. Boyer, and Richard J. Osborne, Defendants.

Henry Willet, Individually and On Behalf of All Others Similarly Situated, Plaintiff,

v.

Duke Energy Corporation, Richard

342

Priory, Robert Brace, David Hauser, Keith G. Butler, Sandra P. Meyer, Jeffrey L. Boyer, and Richard J. Osborne, Defendants.

Elliot S. Honig, Individually and On Behalf of All Others Similarly Situated, Plaintiff,

v.

Duke Energy Corporation, Richard Priory, Robert Brace, William Coley, Fred Fowler, Harvey Padewer, and Deloitte & Touche, LLP, Defendants.

Mikel Kinser and Franklin and Lucille Richardson, Individually and On Behalf of All Others Similarly Situated, Plaintiff,

v.

Duke Energy Corporation, Robert Brace, William Coley, Fred Fowler, Harvey Padewer, Deloitte & Touche, LLP, Morgan Stanley & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith, Inc., Banc of America Securities, LLC, Credit Suisse First Boston Corp., Goldman Sachs & Co., J.P. Morgan Securities, Inc., and UBS Warburg, LLC, Defendants.

No. 02 Civ. 3960(JSR), 02 Civ. 4084(JSR), 02 Civ. 4340(JSR), 02 Civ. 4514(JSR), 02 Civ. 4693(JSR), 02 Civ. 4916(JSR), 02 Civ. 4949(JSR), 02 Civ. 5023(JSR), 02 Civ. 5055(JSR), 02 Civ. 5197(JSR), 02 Civ. 5529(JSR), 02 Civ. 5711(JSR).

United States District Court, S.D. New York.

July 29, 2002.

Victor Stewart, Christopher Lovell, Christopher J. Gray, Lovell & Stewart, LLP, New York City, for Albert Fadem Trust.

David Rosenfeld, Milberg, Weiss, Bershad, Hynes & Lerach, LLP, New York City, Michael Yarnoff, Schiffrin & Barroway, LLP, Bala Cynwyd, PA, for Wickerware, Inc. Profit Sharing Plan.

Nancy Kaboolian, Abbey Gardy, LLP, New York City, for Barry Family and Henry Willet.

David Goldsmith, Goodkind, Labaton, Rudoff & Sucharow, LLP, New York City, for Donald Goldstein.

David Rosenfeld, Steven G. Schulman, Milberg, Weiss, Bershad, Hynes & Lerach, LLP, New York City, for David L. Boushey.

Eric Belfi, Brian Philip Murray, Rabin & Peckel, LLP, New York City, for Sandra Finkel.

Fred Taylor Isquith, Wolf, Hardstein, Adler, Freeman & Herz, LLP, New York City, for J.B. Pozner Trust.

Mel Lifshitz, Berstein, Liebhard & Lifshitz, LLP, New York City, for Elliot Honig.

Christopher Lovell, Christopher J. Gray, Lovell & Stewart, LLP, New York City, for Mikel Kinser.

Howard Schiffman, Dickstein, Shapiro, Morin & Oshinsky, LLP, Washington, DC, for Defendants.

Michael P. Carroll, Amelia T.R. Starr, Davis, Polk & Wardwell, New York City, for Deloitte & Touche.

## MEMORANDUM ORDER

RAKOFF, District Judge.

As of July 26, 2002, no fewer than twelve federal securities actions have been filed in the Southern District of New York (and consolidated before this Court) against Duke Energy Corporation (a North Carolina corporation with its principal place of business in Charlotte), several of its officers and directors, its outside auditors Deloitte & Touche, LLP, and certain underwriters of recent offerings of Duke Energy's securities. Defendants move to transfer all cases filed in the Southern District of New York to the Western District of North Carolina, pursuant to 28 U.S.C. § 1404(a), which provides that a district court may transfer any civil action, "for the convenience of the parties and witnesses, in the interest of justice," to any other federal district where it might have been brought. For the following reasons, the Court hereby denies defendants' motion.

In exercising its broad discretion under § 1404, see In re Nematron Corp. Sec. Litig., 30 F.Supp.2d 397, 399 (S.D.N.Y. 1998), courts commonly consider such factors as (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, (7) the relative means of the parties, (8) the forum's familiarity with the governing law, and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. See Pilates v. Pilates Institute, 891 F.Supp. 175, 183 (S.D.N.Y.1995); see also Amersham Pharmacia Biotech, Inc. v. Perkin–Elmer Corp., 11 F.Supp.2d 729, 730 (S.D.N.Y. 1998). These factors do not comprise an exclusive list, nor are they to be applied in a mechanical or formulaic manner. Rather, they, and any other factors peculiar to the particular case in question, serve as guideposts to the Court's informed exercise of discretion.

Because, however, that discretion must be exercised at the very outset of the case, when relatively little is known about how the case will develop, courts have typically accorded substantial weight to the first factor, plaintiff's choice of forum, for that very choice reflects one side's assessment of the balance of relevant factors, and since the law permits the suit to be brought where plaintiff has chosen to bring it, that choice should not be lightly overridden. See, e.g., Hubbell Inc. v. Pass & Seymour, Inc., 883 F.Supp. 955, 962 (S.D.N.Y.1995).

Here, not only numerous individual plaintiffs but also two pension trusts and a

profit sharing plan representing great numbers of persons have brought suit in the Southern District of New York, indicating by that very act that this District is convenient to both individual and representative plaintiffs. While, to be sure, the force of this choice may be diminished by the fact that plaintiffs here seek to represent a nationwide class of shareholders, *see generally In re Nematron Corp.*, 30 F.Supp.2d at 405, no class has yet been certified; and, if it had been, there is no reason to believe that such a class would have preferred that the suit be brought in North Carolina, that is, in the Fourth Circuit, rather than in New York, that is, in the Second Circuit (where current interpretation of federal securities law is arguably more favorable to securities class actions than in the Fourth Circuit). Indeed, in contrast to the twelve related actions already filed in this District involving the alleged fraud by defendants, only three such actions have been filed in North Carolina (all subsequent to the first four or more suits filed here), and none elsewhere.

Nor have defendants made a meaningful showing that North Carolina would be a more convenient forum than New York for the witnesses in these cases, or that the relevant documents and sources of proof are more easily accessed in North Carolina than here. Indeed, the submissions of the parties indicate that many of the most important witnesses and sources of documentary evidence are located in such diverse places as Houston and Atlanta, as well as New York and Charlotte. Given the frequency of flights between New York and most major cities, it may, if anything, be more convenient for a witness to travel from Houston or Atlanta to New York than to Charlotte. It should also be noted that defendants have retained counsel from the District of Columbia to represent them in all these actions, including those currently pending in Charlotte, thus casting doubt on their own assertion that they view North Carolina as the central locus of this litigation or that presence there is vital. And, of course, the accounting firm defendant, Deloitte & Touche, LLP, is headquartered in New York.

While the Court has carefully considered all the other factors listed above, none materially tips the balance in favor of transfer. Like the relevant witnesses and documents, the parties themselves are spread across several judicial districts, as similarly, it would appear, are the loci of the underlying facts. While defendants contend that there "may be" witnesses whose attendance in a New York litigation this Court would be unable to compel, they offer this as a mere hypothetical with no evidence in support. As for the judicially-related factors, the Southern District of New York is well known to have expertise in securities law, and the Court is able to move this case forward promptly and expeditiously.

Accordingly, for the foregoing reasons, the Court denies defendants' motion to transfer.

SO ORDERED.