**Max GOLDWEBER, Plaintiff,**

v.

**HARMONY PARTNERS LTD., Harmony Services, Inc., Harmony Services LLC, Harold Altman, Lawrence I. Altman, and Barry S. Altman, Defendants.**

No. 09–CV–2591 (ADS)(AKT).

United States District Court, E.D. New York.

Nov. 25, 2009.

Gerry E. Feinberg, Esq., White Plains, NY, for Plaintiff.

Allan M. Lerner, Esq., Thomas D. Sclafani, Esq., Fort Lauderdale, FL, for Defendants.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Presently before the Court is a motion by Harmony Partners, Ltd., Harmony Services, Inc., Harmony Services LLC, and Harold Altman (collectively "the Defendants") to transfer venue of this action to the Southern District of Florida. In light of the forum selection clause designating the Southern District of Florida as the sole venue for lawsuits arising between the parties and the Court's consideration of the relevant factors under 28 U.S.C. § 1404(a), the Defendants' motion is granted.

### I. BACKGROUND

In 1992, Harold Altman ("Altman") organized Harmony Partners, Ltd. ("Harmony"), a Florida limited partnership, and Harmony Services, Inc. ("HSI"), a Florida corporation. Altman and HSI served as the co-general partners of Harmony. In 1993, the Defendants offered Max Goldweber ("Goldweber") and other investors a prospectus detailing an opportunity to become a limited partner in Harmony.

According to Goldweber, the prospectus represented, among other things, that Harmony would invest in a diversified portfolio of common stocks and that it would conduct a search for a "well reputed full service securities (brokerage firm) . . . capable of providing research and securities analysis as well as purchase, sale, and trading recommendations." The offering documents also included a copy of the Harmony Limited Partnership Agreement ("the Partnership Agreement") and a Subscription Agreement. On March 9, 1993, Goldweber executed the Subscription Agreement, thus becoming a limited partner in Harmony. In doing so, Goldweber agreed to be bound by the provisions of the Partnership Agreement.

In November of 2002, Altman and HSI amended the Partnership Agreement to include a forum-selection clause which provided that "all actions and/or proceedings relating to or arising out of this [agreement] shall occur solely in the venue and jurisdiction of the federal and or state courts encompassing Broward County, Florida." Amended Partnership Agreement ¶ 24.7. It is undisputed that, as general partners, Altman and HSI had the authority to amend the Partnership Agreement without the consent of limited partners such as Goldweber.

The Defendants claim that, in November of 2008, they realized that Harmony and its investors had fallen victim to Bernard Madoff's massive and now well-publicized Ponzi scheme. *See* Amir Efrati, Tom Lauricella, and Dionne Searcey, *Top Broker Accused of Fraud*, Wall Street Journal, December 12, 2008, at A1. On May 5, 2009,

Goldweber commenced a lawsuit in New York Supreme Court, Nassau County, alleging that the Defendants breached their fiduciary duties by misrepresenting the nature of Harmony's investments and by failing to detect Madoff's scheme.

The Defendants removed the action to this Court on June 17, 2009, citing the parties' diversity of citizenship. The Defendants now contend that a transfer to the Southern District of Florida is warranted under 28 U.S.C. § 1404(a) and required by the forum selection clause.

## II. DISCUSSION

■ Contrary to the Defendants' suggestion, this motion does not turn on the Court's application of the forum non conveniens analysis. The "Supreme Court has made clear that the use of forum non conveniens for transfer of venue has been superseded by 28 U.S.C. § 1404(a), and that the doctrine 'has continuing application only in cases where the alternative forum is abroad.' " *Beatie and Osborn LLP v. Patriot Scientific Corp.*, 431 F.Supp.2d 367, 396 (S.D.N.Y.2006) (quoting *Am. Dredging Co. v. Miller*, 510 U.S. 443, 449 n. 2, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994)). Here, because the Defendants seek a transfer to a domestic venue, the Court will focus its analysis on 28 U.S.C. § 1404(a).

■ 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "[M]otions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir.1992) (citing *Stewart Org., Inc.*

*v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)).

■ Courts address the balance of convenience and the interests of justice by weighing: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106–7 (2d Cir. 2006) (quoting *Albert Fadem Trust v. Duke Energy Corp.*, 214 F.Supp.2d 341, 343 (S.D.N.Y.2002)). Although not a dispositive factor "[t]he presence of a forum-selection clause ... will be a significant factor that figures centrally in the district court's calculus." *Ricoh*, 487 U.S. at 29, 108 S.Ct. 2239. The Court will analyze each of these factors in turn.

### 1. The Plaintiff's Choice of Forum

■ There is a strong presumption that a plaintiff has a right to choose his forum. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). This presumption is particularly strong when a plaintiff has chosen to commence a lawsuit in his home forum. *See Iragorri v. United Technologies Corp.*, 274 F.3d 65, 71 (2d Cir.2001) (citing *Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524, 67 S.Ct. 828, 91 L.Ed. 1067 (1947), and *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56, 256 n. 23, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)). In fact, the Plaintiff's choice of forum should be disturbed only where "other factors weigh strongly in favor of transfer." *Royal & Sunalliance v. British Airways*, 167 F.Supp.2d 573, 576 (S.D.N.Y.2001) (citing *In re Warrick*, 70 F.3d 736, 741 (2d Cir. 1995)).

■ Goldweber, as a resident of Nassau County, has chosen to litigate this case in his home forum. This means that his choice of forum is entitled to considerable deference.

### 2. The Convenience of the Witnesses

■ "The convenience of the forum for witnesses 'is probably considered the single most important factor in the analysis of whether a transfer should be granted.'" *Beatie and Osborn LLP,* 431 F.Supp.2d at 396 (quoting *Schnabel v. Ramsey Quantitative Sys., Inc.,* 322 F.Supp.2d 505, 516 (S.D.N.Y.2004)). Here, the Defendants point out—and Goldweber does not dispute—that the vast majority of witnesses in this case reside in Florida. Accordingly, this important factor tips decidedly in favor of a transfer.

### 3. The Location of Documents and Evidence

Here, all of the Defendants reside in South Florida. It is unsurprising, then, that the various accounting and financial records that will be at issue in this case are located in Florida. As such, this factor strongly favors a transfer to the Southern District of Florida.

### 4. The Convenience and Relative Means of the Parties

Goldweber is 90 years old and alleges that, because of his health and limited financial means, he might be unable to proceed with this case if it was transferred to Florida. The Court is sympathetic to Goldweber's situation but notes that the inconvenience and hardship of litigating this case in Florida, should the case go to trial, is tempered by the fact that he has owned a home in South Florida for the past twenty years. The Court also notes that all of the individual Defendants, as residents of Florida, would be inconven-

ienced if this case proceeded in New York. Under the circumstances, the Court finds that this factor is neutral. *See Wechsler v. Macke Int'l Trade, Inc.,* No. 99 Civ. 5725, 1999 WL 1261251, at *6 (S.D.N.Y. Dec. 27, 1999) (noting that the "parties' convenience becomes a neutral factor in the transfer analysis if transferring venue would merely shift the inconvenience to the other party.").

### 5. The Locus of Operative Facts

This factor favors a transfer. Goldweber alleges that the Defendants breached their fiduciary duties by misrepresenting the nature of Harmony's investments and by failing to detect Madoff's scheme. From Goldweber's own allegations, it is clear that the operative acts or omissions bearing on his claims took place in Florida.

Notwithstanding the deference owed to Goldweber's chosen forum, the Court's weighing of these factors clearly supports the Defendants' motion to transfer venue. The propriety of the proposed transfer is even clearer considering the parties' mandatory forum selection clause.

■ The Supreme Court has found that forum selection clauses are "prima facie valid are and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). In assessing the applicability of a forum selection clause, the Court's first task is to determine whether the clause was "reasonably communicated to the parties." *D.H. Blair & Co.,* 462 F.3d at 103 (citing *Effron v. Sun Line Cruises, Inc.,* 67 F.3d 7, 9 (2d Cir.1995)). Here, the Court is satisfied that the Defendants met their obligation to communicate the existence of the clause by sending Goldweber a copy of the Amended Partnership Agreement. The Court has al-

ready determined, through an analysis of the 1404(a) factors, that enforcing the forum selection clause would not work an "unreasonable" or "unjust" result in this case. *D.H. Blair & Co.,* 462 F.3d at 103 (citing *M/S Bremen,* 407 U.S. at 15, 92 S.Ct. 1907). Indeed, the equities clearly favor a transfer. Finally, there is no allegation that "the clause was obtained through fraud or overreaching." *Jones v. Weibrecht,* 901 F.2d 17, 18 (2d Cir.1990) (citing *M/S Bremen,* 407 U.S. at 15, 92 S.Ct. 1907). Accordingly, in light of the all of these considerations, the Court finds that the Defendants' motion to transfer venue of this case to the Southern District of Florida should be granted.

### III. CONCLUSION

The Defendants' motion to transfer venue to the Southern District of Florida is **GRANTED.** The Clerk of the Court is directed to transfer this case to the Southern District of Florida.

**SO ORDERED.**