*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 06a0149p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

MOSES MOORE, ROSS J. SATTERFIELD, JAMES HALL, JR., BART J. KOCHIS, THOMAS ALFIERI, WILLIAM WANDRYCH, DONALD J. MCCOLMAN, DONALD ROBINSON, DONALD E. COOK, SR., JAMES E. WILLIAMS, BILLY W. SMITH, ERNEST JEANMINETTE, and CHARLES HENDERSON, on behalf of themselves and others similarly situated,

                    *Plaintiffs-Appellants,*

     *v.*

ROHM & HAAS CO., MORTON INTERNATIONAL, INC., MORTON RETIRED EMPLOYEES GROUP INSURANCE PLAN, and DOES 1 THROUGH 20,

                    *Defendants-Appellees.*

No. 05-3472

---

Appeal from the United States District Court
for the Northern District of Ohio at Akron.
No. 03-01342—David D. Dowd, Jr., District Judge.

Argued: March 7, 2006

Decided and Filed: April 26, 2006

Before: SUTTON and GRIFFIN, Circuit Judges; OBERDORFER, District Judge.[*]

---

## COUNSEL

**ARGUED:** Edward J. Feinstein, STEMBER FEINSTEIN KRAKOFF, Pittsburgh, Pennsylvania, for Appellants. Robert P. Casey, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., Chicago, Illinois, for Appellees. **ON BRIEF:** John E. Stember, STEMBER FEINSTEIN KRAKOFF, Pittsburgh, Pennsylvania, William T. Payne, Pittsburgh, Pennsylvania, for Appellants. Robert P. Casey, Carol A. Poplawski, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., Chicago, Illinois, Peyton J. Lacy, Jr., OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., Birmingham, Alabama, for Appellees.

---

[*] The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

———————————

**OPINION**

———————————

GRIFFIN, Circuit Judge.

Plaintiffs appeal an order of the district court dismissing this case without prejudice on the basis of improper and/or inconvenient venue. We reverse and remand for further proceedings. In doing so, we hold that under both the Labor Management Relations Act ("LMRA") and the Employee Retirement Income Security Act of 1974 ("ERISA") venue was properly laid in the Northern District of Ohio.

I.

Plaintiffs-appellants, thirteen retired employees purporting to be representatives of a potential class, appeal the district court's dismissal without prejudice of their civil suit pursuant to the LMRA and the ERISA, against appellees, Rohm & Haas Co., Morton International, Inc., Morton Retired Employees Group Insurance Plan, and Does 1-20 (collectively referred to as "Morton"). In July 2003, plaintiffs filed a complaint alleging that Morton denied collectively-bargained-for health benefits to its retirees from nine different Morton facilities in violation of the LMRA and ERISA. Of the nine facilities identified in the plaintiffs' original complaint, two are located in the Northern District of Ohio, two are in Michigan, and one each is in Kansas, Louisiana, New Jersey, New York, and Texas. The plaintiffs' first amended complaint, filed on September 3, 2004, adds an identical allegation as to a tenth Morton facility located in Illinois. According to the plaintiffs, the alleged denial of health benefits violated Section 301 of the LMRA, 29 U.S.C. § 185(a), and Sections 502(a)(1)(B) & (a)(3) of ERISA, 29 U.S.C. §§ 1132(a)(1)(B) & (a)(3).

Plaintiffs purportedly brought this lawsuit as a single class action. Specifically, plaintiffs implicitly alleged that their respective claims "ar[ose] out of the same . . . series of transactions or occurrences," FED. R. CIV. P. 20(a), because they contend that Morton engaged in "pattern bargaining," utilizing contract language that was materially similar, such that the claims may be joined in a single action. Second, plaintiffs expressly contended that the district court should certify them as representatives of a class of all retirees from the relevant facilities who were improperly denied health benefits by Morton.

After an April 2004 status conference, the district court, sua sponte, directed the parties to brief the question: "Why should this Court keep in the lawsuit any plaintiff who does not reside in the Northern District of Ohio?" Following several failed attempts at mediation and this briefing, the district court dismissed plaintiffs' lawsuit without prejudice. In its opinion, the district court summarily concluded that: (1) venue was improper pursuant to § 301(a) of the LMRA; (2) although venue was technically proper pursuant to § 1132(e)(2) of ERISA, "transfer to the appropriate district would have been quickly accomplished under 28 U.S.C. § 1404 if out-of-state ERISA participants had attempted to bring an independent action against Morton Salt in this court;" and (3) the entire case should be dismissed, without prejudice, so that plaintiffs could re-file the various component lawsuits in the appropriate federal districts. Finally, the court's opinion included a passing mention regarding class certification, concluding that "it should not certify a nationwide class."

The plaintiffs now timely appeal the district court's dismissal of their complaint.

II.

We review questions of law de novo and findings of fact for "clear error." *Kellogg Co. v. Toucan Golf, Inc.*, 337 F.3d 616, 623 (6th Cir. 2003). After our review, we hold that venue was properly laid in the Northern District of Ohio under both the LMRA and ERISA.

A.          *LMRA.*

The district court addressed venue under the LMRA as follows: "The proper venue for claims under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), lies 'in any district court . . . having jurisdiction of the parties.' This Court would have jurisdiction only over plaintiffs who were employed at the two Ohio plants." We disagree.

The venue provision of the LMRA, Section 301(a), provides for proper venue "in any district court of the United States having jurisdiction over the *parties*, without . . . regard to the citizenship of the *parties*." 29 U.S.C. § 185(a) (emphasis added). Morton argues that the use of the word "parties" requires *both* the plaintiff and the defendant to possess minimum contacts within the forum district, an assertion that runs contrary to the traditional rule that a plaintiff consents to personal jurisdiction by virtue of the act of bringing suit in the given forum. Morton makes much of the venue provision's reference to the "parties" rather than "defendant(s)," thereby suggesting that the Section 301 drafters thought that an issue may arise as to a court's personal jurisdiction over a plaintiff. We conclude that this argument lacks merit.

Nothing in the language of the LMRA evidences an intent to eclipse the long-standing presumption that a court will always have personal jurisdiction over a consenting plaintiff. Courts have consistently held that a court always has personal jurisdiction over a named plaintiff because that party, by choosing the forum, has consented to the personal jurisdiction of that court. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 700 (6th Cir. 1978) ("In *Pennoyer v. Neff*, the Supreme Court specifically recognized that personal jurisdiction could be founded upon voluntary appearance.") (citation omitted); *see also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 806-14 (1985) (holding that district court has personal jurisdiction even over absent plaintiff class members – i.e., plaintiffs who have not affirmatively consented to the court's jurisdiction – so long as the absent plaintiff class member was informed of the lawsuit and given an opportunity to participate or opt-out).

An examination of the cases applying the LMRA's venue provision reveals that, if anything, "the basic purpose of § 301(a) was not to limit, but to expand, the availability of forums for the enforcement of contracts made by labor organizations." *Charles Dowd Box Co. v. Courtney*, 368 U.S. 502, 508-09 (1962). Although *Courtney* addressed the issue of state court venues, Morton has proffered no authority to dispel the conclusion that the LMRA was not intended to be a venue-reducing measure. Plaintiffs consented to jurisdiction in the Northern District of Ohio. Because the court's personal jurisdiction over Morton is not disputed – Morton possessed two operating salt-processing plants in northern Ohio – the court had jurisdiction over the parties. The district court therefore erred by concluding that it lacked jurisdiction over each of the plaintiffs pursuant to § 301 of the LMRA.

B.          *ERISA.*

With respect to venue pursuant to ERISA, the district court acknowledged that "technically [venue] may be found in this district," yet simultaneously concluded that "the result [the lack of jurisdiction] would be no different for claims brought under ERISA [than for the LMRA]." Insofar as the district court's ruling concluded that venue was proper over plaintiffs' ERISA claims, we agree.

The applicable ERISA venue provision provides that venue is proper "in the district . . . where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). A defendant "resides or may be found," for ERISA venue purposes, in any district in which its "minimum contacts" would support the exercise of personal jurisdiction. *Waeltz v. Delta Pilots Ret. Plan*, 301 F.3d 804, 809-10 (7th Cir. 2002); *Varsic v. United States Court*, 607 F.2d 245, 248-49 (9th Cir. 1979). The minimum contacts standard, in turn, is satisfied when the "defendant's contacts with the forum state are 'substantial' and 'continuous and systematic,' so that the state may exercise personal jurisdiction over the defendant even if the action does not relate to the defendant's contacts with the state." *Youn v. Track, Inc.*, 324 F.3d 409, 417-18 (6th Cir. 2003). Here, it is undisputed that, by virtue of its two operating salt-processing plants, Morton has minimum contacts with the Northern District of Ohio. Accordingly, venue over plaintiffs' ERISA claim is proper in the district court.

However, in the present case, the district court ruled that a "transfer to the appropriate district would have been quickly accomplished under 28 U.S.C. § 1404 if out-of-state ERISA participants had attempted to bring an independent action against Morton Salt in this Court," and subsequently dismissed the case. In making this determination, the district court failed to provide the parties an opportunity to brief or argue this issue and failed to make findings on, or otherwise analyze, any of the factors relevant to a § 1404 transfer.[1] This holding was erroneous. *See* 15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE §§ 3844, 3847-48 (2d ed. 2005) (noting that court considering sua sponte transfer of case "should make that possibility known to the parties so that they may present their views about the transfer," that burden of proof in arguing for transfer is on defendant, and that broad factors relevant under § 1404 are convenience of parties, convenience of witnesses, and interests of justice).

In sum, venue is proper over the ERISA claim and, based on the current record before the Court, that result cannot be avoided through a summary conclusion regarding the propriety of a § 1404 transfer.

### III.

We express no opinion on whether the district court was correct in its brief conclusion that plaintiffs' lawsuit constitutes "several lawsuits . . . improperly . . . roll[ed] into one." On this record, we are unable to ascertain whether the conduct alleged by the plaintiffs "aris[es] out of the same . . . series of transactions or occurrences," as required by Federal Rule of Civil Procedure 20(a) or, if not, whether the division and the possible transfer pursuant to § 1404 (a) of the respective cases would be more appropriate. Furthermore, we cannot review the district court's weighing of the applicable factors in these determinations, because the record is devoid of the necessary analysis. Accordingly, we conclude that, based on the existing record, the district court also erred in its resolution of this issue.

The order of the district court is reversed, and this matter is remanded for further proceedings consistent with this opinion.

---

[1] "[I]n ruling on a motion to transfer under § 1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991).