**Luz Esther RIVERA–CARMONA, et al., Plaintiff(s)**

v.

**AMERICAN AIRLINES, et al., Defendant(s).**

**Civil No. 09–1062 (JAG).**

United States District Court, D. Puerto Rico.

June 1, 2009.

Manuel R. Suarez–Jimenez, Manuel R. Suarez Law Office, San Juan, PR, for Plaintiff.

Diego A. Ramos, Fiddler, Gonzalez & Rodriguez, San Juan, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is American Airlines' ("American") motion to transfer this action to the United States District Court for the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. § 1404(a). (Docket No. 9). For the reasons set forth below, the Court **GRANTS** American's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 22, 2009, Plaintiffs filed the present civil action for alleged damages arising from an incident that took place on July 5, 2007, at the Miami International Airport ("MIA"), in Dade County, Florida. On that day, co-plaintiff Luz Esther Rivera Carmona, ("Ms. Rivera"), who allegedly suffers from Alzheimer's

disease, traveling alone, arrived at MIA onboard an American flight that originated at the Hopkins International Airport in Cleveland, Ohio ("CLE"). Ms. Rivera was returning to Puerto Rico after her Alzheimer's condition allegedly had improved following several months of treatment in Ohio. Upon her arrival to MIA, Ms. Rivera was to board another American flight bound for the Luis Muñoz Marin International Airport, Isla Verde, Carolina, Puerto Rico ("SJU"). Plaintiffs aver that they had made prior arrangements with American for Ms. Rivera to be escorted all the way from CLE to SJU. Allegedly, Ms. Rivera's husband, Mr. Antonio Bernier Martínez ("Mr.Bernier") obtained authorization to meet and assist Ms. Rivera at the arriving gate in SJU. However, she did not arrive on the MIA flight she was supposed to board. Mr. Bernier avers that he was told Ms. Rivera did not board the MIA flight.

Efforts by American personnel to locate Ms. Rivera at MIA started immediately and a missing person complaint was filed with the Miami–Dade Police Department. Ms. Rivera was later found disoriented, near the airport and taken to a "Mental Health Crisis Center" in Dade County, Miami, Florida. According to Plaintiffs, in the mental health institution, Ms. Rivera was placed in a large room with other mental patients where a male "tried to rape her, grabbed her, and threatened to kill her." On June 6, 2007, the next day, American flew Mr. Bernier to MIA where he reunited with Ms. Rivera and they flew back to SJU.

Plaintiffs sued American in this Court for damages.[1] (Docket No. 1). Thereaf-

ter, American filed a Third Party Complaint against American Sales and Management Corp. ("ASMO"), which is an independent contractor of American in MIA that exclusively provides all escort services requested by American passengers in MIA. According to American, ASMO would be the sole responsible party for the alleged damages. (Docket No. 8). ASMO is not authorized to do business in Puerto Rico. (Docket No. 9, Exh. 3). As of this date, an attorney has not appeared on ASMO's behalf.

On March 17, 2009, American moved to transfer this case to the United States District Court for the Southern District of Florida, Miami Division. American avers that transfer pursuant to 28 U.S.C. § 1404(a) is proper because in said district is where: the cause of action took place, the witnesses and premises are found, the judges, jurors and lawyers are familiar with the applicable law, where the ultimately liable third party defendant can be joined, and where justice and overall fairness mandates. (Docket No. 9). On May 18, 2009, Plaintiffs opposed American's request. Plaintiffs argue that American lacks standing to request a change of venue. According to Plaintiffs, only ASMO has standing to proffer such request. (Docket Nos. 18 and 19).

## DISCUSSION

■ Under § 1404(a), a district court may transfer any civil action to any other district where it may have been brought "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a); *see Coady v. Ashcraft &*

---

1. Jurisdiction in this case is premised on 28 U.S.C. § 1332, which mandates that the parties be domiciled in different states and that the claim exceed $75,000.00. "Diversity of Jurisdiction exists only when there is complete diversity, that is, when no plaintiff is a citizen of the same state as a defendant." *Strawbridge v. Curtiss,* 7 U.S. 267, 3 Cranch 267, 2 L.Ed. 435 (1806); *Gabriel v. Preble,* 396 F.3d 10, 13 (1st Cir.2005). In the instant case, there is complete diversity among the parties and the claim exceeds $75,000.

*Gerel*, 223 F.3d 1, 11 (1st Cir.2000). The term "parties" has a broad generic applicability and contemplates consideration of the parties in all claims and controversies properly joined in a proceeding. *In re Volkswagen AG*, 371 F.3d 201, 204 (5th Cir.2004).[2] The Supreme Court has indicated that either a defendant or a plaintiff can move for change of venue under 28 U.S.C. § 1404(a). *Ferens v. John Deere Co.*, 494 U.S. 516, 530, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990) (superseded by statute on other grounds). Moreover, the Court has clarified that the same treatment and consideration must be given to the motion for transfer regardless of who the movant of that motion may be. *Id.* We find that Plaintiffs' argument that American lacks standing to request a change of venue is meritless. American is a defendant in the present case and, as such, has standing to request a change of venue pursuant to 28 U.S.C. 1404(a). Thus, contrary to Plaintiffs' assertion the fact that ASMO has not yet appeared before this Court does not preclude American's right as a defendant to request a change of venue.

■■■■ "Section 1404(a) is intended to place discretion in the District Court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)). A determination of venue under § 1404(a) lies in the sound discretion of the district court. *See Cianbro Corp. v. Curran–Lavoie*, 814 F.2d 7, 11 (1st Cir.1987). The Supreme Court has set forth some of the private interests of litigants that must be considered, such as "the relative ease of access to sources of

proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises . . .; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) (superseded by statute on other grounds). Several public interest factors that should be considered include: the administrative difficulties that follow for courts when litigation is piled up in congested centers instead of being handled at its origin; that jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation; and that there is a local interest in having localized controversies decided at home. *Id.* at 508–09, 67 S.Ct. 839. It is important to note that this list of factors merely suggest the range of relevant considerations and is not exhaustive. *Royal Bed & Spring Co. v. Famossul Industria e Comercio de Moveis Ltda.*, 906 F.2d 45, 52 (1st Cir.1990). The burden of proof rests with the party seeking transfer as there is a strong presumption in favor of the plaintiff's choice of forum. *See Coady*, 223 F.3d at 11 (citing *Gulf Oil*, 330 U.S. at 508, 67 S.Ct. 839). We find that American has satisfied this burden and shown to this Court that the transfer of this case is the proper action to take. There can be little doubt that the present case could have been filed in the United States District Court for the Southern District of Florida, Miami Division as it is undisputed that the events giving rise to Plaintiff's claims occurred in Miami, Florida. Furthermore, the relevant witnesses as well as other evidence of the alleged events will be readily available in Miami, Florida. It would be unfairly burdensome to require

---

**2.** We interestingly note that "[t]here is clearly nothing in § 1404(a) which limits the application of the terms 'parties' and 'witnesses' to those involved in an original complaint." *Id.*

the relevant witnesses most of which will be located in Florida to attend trial in Puerto Rico. Holding trial in Miami, Florida will be far more convenient to those witnesses and less expensive. Further, this Court is heavily congested with an ever expanding criminal docket. Thus, the administrative difficulties that would follow this case would be avoided if it is handled in its place of origin. Moreover, other than the fact that most of the Plaintiffs are from Puerto Rico, there is no relation between the alleged events and Puerto Rico. Hence, it would be a burden to impose jury duty upon the people of Puerto Rico when they have no relation to the litigation. In sum, this Court finds that sufficient factors weigh in favor of transferring the present case. Accordingly, the case at bar shall be transferred to the United States District Court for the Southern District of Florida, Miami Division.

## CONCLUSION

For the convenience of witnesses and in the interest of justice, American's motion to transfer under 28 U.S.C. § 1404(a), (Docket No. 9), is **GRANTED.** The Clerk of the Court must remove this action form the Court's active docket and transfer it to the United States District Court for the Southern District of Florida, Miami Division. Judgment shall be entered accordingly.

IT IS SO ORDERED.