Deborah KAUFMANN

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA.**

Civil Action No. 09–CV–10239–RGS.

United States District Court, D. Massachusetts.

Nov. 3, 2009.

Patrick C. DiCarlo, Nancy Pridgen, Alston & Bird LLP, Atlanta, GA, Joseph F. Ryan, Lyne, Woodworth & Evarts LLP, Boston, MA, for Defendant.

Jonathan M. Feigenbaum, Phillips & Angley, Boston, MA, for Plaintiff.

*MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE, OR IN THE ALTERNATIVE, TO TRANSFER VENUE*

STEARNS, District Judge.

This case arises from a claim for long-term disability benefits under an Employee Benefit Plan (Plan) covered by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. Plaintiff Deborah Kaufmann, a resident of New Hampshire, stopped working as an administrative assistant at Goss International Americas, Inc. (Goss), on March 7, 2005, after suffering neck and back pain. Goss, which is also located in New Hampshire, provided Kaufmann with both short and long-term disability benefits through March 31, 2006, when defendant Prudential Insurance Company of America (Prudential) determined her no longer eligible. The Plan is administered in New Hampshire. Prudential, the Plan insurer, has its principal offices in Newark, New Jersey. Kaufmann filed suit against Prudential in this court on February 18, 2009.

It is undisputed that all of the relevant evidence is located in either New Hampshire or New Jersey, and that no parties or witnesses reside in Massachusetts. Accordingly, Prudential asks that this case be dismissed for improper venue, or alternatively, that venue be transferred from this court to the District of New Hampshire or the District of New Jersey pursuant to 28 U.S.C. § 1404(a).[1] Kaufmann contends that as a plaintiff, her choice of Massachusetts as a forum is presumptively favored and that "transfer is inappropriate where its effect is merely to shift the inconvenience from one party to the other." Plaintiff's Opposition, at 6, citing *Sigros v. Walt Disney World Co.*, 129 F.Supp.2d 56, 71 (D.Mass.2001). Kaufmann also asserts that "if the case is transferred to New Jersey [she] will lose the benefit of First Circuit ERISA law and suffer the pangs of Third Circuit ERISA law." Plaintiff's Opposition, at 6.[2]

ERISA has its own statutory venue rule. The statute authorizes venue in the judicial

---

**1.** Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

**2.** Kaufmann also argues that the court should not consider the motion to dismiss or transfer venue as it was filed seven days after Prudential filed its Motion for Summary Judgment for Failure Timely to Exhaust Administrative Remedies. I disagree. A court will ordinarily consider whether it is the proper or appropriate forum for an action before reaching the substance of the parties' claims. *See Malone v. Commonwealth Edison Co.*, 2 F.Supp.2d 545, 548 n. 4 (S.D.N.Y.1998) (considering a transfer of venue motion prior to weighing jurisdictional and substantive motions to dismiss).

district where: (1) the ERISA-covered plan is administered; (2) the alleged breach took place; or (3) a defendant "resides or may be found." *See* 29 U.S.C. § 1132(e)(2). The Plan as earlier indicated, is administered in New Hampshire. The alleged violation of ERISA occurred in New Hampshire. The plaintiff resides in New Hampshire. Her erstwhile employer is based in New Hampshire. That leaves Prudential, a New Jersey entity. Prudential acknowledges that it does business nationwide but argues that it should not be "found" in Massachusetts within the meaning of the ERISA venue statute. Prudential summarizes the reasoning underlying its argument as follows.

> To allow venue wherever personal jurisdiction exists would allow nationwide venue, because § 1132(e)(2)'s nationwide service of process clause creates nationwide jurisdiction. If such were the intent of Congress, there would have been no reason for Congress to provide specifically for venue where a plan is administered or where a breach took place." *Id.,* citing *McFarland v. Yegen,* 699 F.Supp. 10, 14 (D.N.H.1988). *See also Moore v. Rohm & Haas Co.,* 446 F.3d 643, 646–47 (6th Cir.2006). *Cf. Cole v. Central States [State ], SE & SW Areas Health & Welfare Fund,* 227 F.Supp.2d 190, 198 (D.Mass.2001). Any other result would mean that Plaintiff could bring this suit in any state in which Prudential does business (e.g., why not file in Hawaii?), and would encourage flagrant forum shopping, as is the case here.

Prudential Memorandum, at 3.

There is significant authority to the contrary. In *Moore v. Rohm & Haas Co.,* 446 F.3d 643 (6th Cir.2006), one of the cases cited by Prudential in its Memorandum, the Sixth Circuit construed the phrase "may be found" to mean that ERISA venue is proper "in any district in which [a defendant's] minimum contacts would support the exercise of personal jurisdiction." *Id.* at 646–647, citing *Waeltz v. Delta Pilots Retirement Plan,* 301 F.3d 804, 809–810 (7th Cir.2002). The Tenth Circuit came to a similar conclusion in *Peay v. BellSouth Med. Assistance Plan,* 205 F.3d 1206, 1211–1212 (10th Cir.2000).[3]

In writing a special venue statute into ERISA Congress intended " 'to remove jurisdictional and procedural obstacles which in the past appear to have hampered effective enforcement of fiduciary responsibilities under state law for recovery of benefits due participants.' " *Varsic v. U.S. Dist. Court for Cent. Dist. of Cal.,* 607 F.2d 245, 247–248 (9th Cir.1979), quoting the report of the House Committee on Education and Labor, H.R.Rep. No. 93–533, at 17 (1973), reprinted in 1974 U.S.C.C.A.N. 4639, 4655. I am satisfied that jurisdiction is proper in this district (Prudential would be hard-pressed to argue that it lacks "minimum contacts" with Massachusetts or is insufficiently present in the state to trigger general jurisdiction under the Long–Arm Statute). Consequently, I am also satisfied that venue under ERISA lies in this district.

 Whether venue in this district is appropriate, however, is another matter. *See Peay,* 205 F.3d at 1209 n. 1. *See also* Jorden, Pflepsen & Goldberg, *Handbook on ERISA Litigation* § 1.05[A][1] (Supp.

---

**3.** The court in *Peay,* however, rejected a "national contacts" test advanced by plaintiffs that would have permitted suit in any district in which a defendant was amenable to service of process. *See also Waeltz,* 301 F.3d at 810 (distinguishing the term "resides" from the alternative term "may be found"—"A fund can be found in a judicial district if it has the sort of minimum contact with that district that would support the exercise of personal jurisdiction under the rule of *International Shoe ....*").

2006) ("The venue provisions of [ERISA] also do not displace the broad power of district courts to transfer cases for the convenience of parties and witnesses, in the interest of justice. . . ."). In deciding whether to transfer a case, a court is to weigh both the private and public interests involved.

> "Private interest" factors include relative ease of access to sources of proof; availability of compulsory process; comparative trial costs, ability to enforce a judgment, and so forth. "Public interest" factors include the practical difficulties of unnecessarily imposing upon a busy court (or citizens called to jury duty) the obligation to hear a case more fairly adjudicated elsewhere, as well as having a judge more familiar with relevant law make the requisite legal determinations.

*Howe v. Goldcorp Inv., Ltd.*, 946 F.2d 944, 951 (1st Cir.1991).[4] *See also Adelson v. Hananel*, 510 F.3d 43, 52 (1st Cir.2007) ("The party moving for dismissal bears the heavy burden of establishing that an adequate alternative forum exists and that 'considerations of convenience and judicial efficiency strongly favor litigating the claim in the second forum.' "), (quoting *Iragorri v. Int'l Elevator, Inc.*, 203 F.3d 8, 12 (1st Cir.2000)). It is clear that the prosecution of this case in Massachusetts serves the convenience of no one other than plaintiff's attorney to whom the presumptive choice of forum rule does not apply. *See Malone*, 2 F.Supp.2d at 547 (plaintiff's choice of forum, for convenience of his counsel, was not controlling where all parties, including plaintiff, resided in the Northern District of Illinois, all of the relevant events took place there, and all of

the relevant documents, evidence, and witnesses were found there). After weighing the relevant factors, the court in the exercise of its discretion will transfer the case to the District Court of New Hampshire (where First Circuit ERISA law, consistent with Kaufmann's preference, still prevails).

SO ORDERED.

---

4. "Of the factors considered by the court, the convenience of expected witnesses is 'probably the most important factor, and the factor most frequently mentioned.' " *Boateng v.*

*Gen. Dynamics Corp.*, 460 F.Supp.2d 270, 275 (D.Mass.2006), quoting *Princess House, Inc. v. Lindsey*, 136 F.R.D. 16, 18 (D.Mass.1991).