**Elizabeth A. BOWEN, Plaintiff,**

v.

**ELANES NEW HAMPSHIRE HOLDINGS, LLC d/b/a Wendy's Old Fashioned Hamburgers, Defendant.**

**Civil Action No. 15–cv–10373–DJC**

United States District Court,
D. Massachusetts.

Signed 12/04/2015

Siobhan M. McCloskey, The Law Office of Siobhan M. McCloskey, White River Junction, VT, for Plaintiff.

Christopher G. Betke, Matthew J. Lynch, Coughlin & Betke, LLP, Boston, MA, for Defendant.

## MEMORANDUM AND ORDER

CASPER, United States District Judge

### I. Introduction

Plaintiff Elizabeth Bowen ("Bowen") brings common law claims and claims under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act ("ADA") and the Equal Pay Act against Defendant eLanes New Hampshire Holdings, LLC ("eLanes"). D. 1. eLanes now moves to dismiss Bowen's complaint under Fed.R.Civ.P. 12(b)(5) for insufficient service of process and to dismiss Bowen's Title VII claims under Rule 12(b)(1) for failure to exhaust administrative remedies. D. 8. Alternatively, eLanes moves to transfer this action to the United States District Court for the District of New Hampshire under 28 U.S.C. § 1404(a). The Court GRANTS eLanes's motion to transfer and, in light of this ruling, DENIES its other requests as moot.

### II. Standard of Review

28 U.S.C. § 1404(a) provides that for "the convenience of parties and witnesses" and "in the interest of justice," a court "may transfer any civil action to any other district ... where it might have been brought." The decision to transfer rests within the Court's discretion. *See Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737 (1st Cir.1977).

### III. Factual Background[1]

Bowen is a citizen of Vermont. D. 1 ¶ 9. eLanes is New Hampshire limited liability corporation that operates twelve fast-food restaurant franchises in New Hampshire and one in Vermont. *Id.* ¶¶ 12–13.

In August 2013, Bowen began working at the eLanes's restaurant in West Lebanon, New Hampshire. *Id.* ¶¶ 15, 25. During her interview, Bowen told the general manager that because she had suffered from a major stroke and several ministrokes a few years ago, she had several disabilities that affected her ability to work, including difficulty with concentration, extreme fatigue, depression and anxiety and a loss of executive functioning. *Id.* ¶ 17. The general manager never discussed whether she would need reasonable accommodations. *Id.* ¶ 19.

Bowen alleges that her managers and fellow employees harassed and discriminated against her in different ways:

- Her male colleagues allegedly had a higher starting salary than she did. *Id.* ¶¶ 26–28.

- An assistant manager verbally abused her and set her up to fail. *Id.* ¶¶ 32, 34.

- She and her managers disagreed whether she was receiving the proper number of breaks under employment law. *Id.* ¶¶ 51–53.

- Her managers reduced her hours in retaliation after their dispute over her breaks. *Id.* ¶¶ 63.

- A manager made no effort to accommodate her when she became ill at work and had to be sent to the hospital because of dehydration and her pregnancy. *Id.* ¶¶ 47–49.

- Her male co-workers made unwanted advances toward her when management told them that Bowen had previously been an exotic dancer. *Id.* ¶¶ 64–71.

---

1. The Court assumes that the factual allegations in the complaint are true but is "not bound to accept ... a legal conclusion couched as a factual allegation." *San Geróni-* *mo Caribe Project, Inc. v. Acevedo–Vila*, 687 F.3d 465, 471 (1st Cir.2012) (citation omitted).

- Management wrongfully accused her of missing cash from a cash register. *Id.* ¶¶ 74–83.
- On a slow day, when Bowen requested that she be one of the employees sent home early because she felt tired, a manager told her she could leave and terminated her. *Id.* ¶¶ 86-87.
- eLanes and its employees gave her a bad reference to other employers and spread false statements to others that damaged her reputation. *Id.* ¶¶ 102–04.
- eLanes refused to rehire her, even though other employees allegedly were rehired or excused for misconduct, given accommodations for their disability, or not disciplined for comparable acts. *Id.* ¶¶ 92–99.

Bowen was terminated in November 2013. *Id.* ¶ 88. She filed a charge of discrimination with the New Hampshire Commission for Human Rights in June 2014. D. 9–1. That agency transferred the matter to the Equal Employment Opportunity Commission, which issued its "Right to Sue" letter on November 14, 2014. D. 9–2; D. 12 at 2.

## IV. Procedural History

Bowen filed this lawsuit on February 12, 2015. D. 1. Bowen asserts a reasonable accommodation claim (Count I) and a retaliation claim (Count II) under the ADA, sexual harassment (Count III), pregnancy discrimination (Count IV) and unequal pay (Count V) under Title VII and a violation of the Equal Pay Act (Count VI). *Id.* ¶¶ 108–140. Bowen also asserts intentional infliction of emotional distress (Count VII), invasion of privacy (Count VIII), defamation (Count IX), negligent hiring and supervision (Count X), wrongful termination for filing a worker's compensation claim (Count XI), breach of implied contract and covenant of good faith and fair

dealing (Count XII) and promissory estoppel (Count XIII). *Id.* ¶¶ 141–169.

On August 15, 2015, Bowen moved to extend the time by which to serve eLanes. D. 7. On August 27, 2015, eLanes moved for dismissal of the entire complaint pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process, dismissal of certain claims, namely the sexual harassment and unequal pay claims, under Fed. R.Civ.P. 12(b)(1) or, alternatively, for a transfer of the case under 28 U.S.C. § 1404(a). D. 8. On September 29, 2015, the Court granted Bowen's motion to extend the time for service. D. 14. The Court heard argument on eLanes's motion and took it under advisement. D. 18.

## V. Discussion

When considering a motion to transfer under 28 U.S.C. § 1404(a), a court weighs private interest and public interest factors. *Friends of Animals v. Phifer*, No. 15–cv–30011–MGM, 2015 WL 1943898, at *2 (D.Mass. Apr. 29, 2015). Private interest factors include "the statutory considerations of convenience of the parties and witnesses," id. but also the "relative ease of access to sources of proof, availability of compulsory process, comparative trial costs, ability to enforce a judgment" and any "practical problems that make trial of a case easy, expeditious and inexpensive." *J.J. Reidy & Co. v. Airwater Corp.*, No. 05–cv–40049–FDS, 2005 WL 3728726, at *9 (D.Mass. Sept. 27, 2005) (citing *Nowak v. Tak How Invs., Ltd.*, 94 F.3d 708, 719–20 (1st Cir.1996)). Public interest factors include the "statutory consideration of the interest of justice," *Phifer*, 2015 WL 1943898, at *2, but also the "practical difficulties of unnecessarily imposing upon a busy court the obligation to hear a case more fairly adjudicated elsewhere, the imposition on jurors called to hear a case that has no relation to their community,

and the familiarity of the court with applicable laws." *J.J. Reidy & Co.*, 2005 WL 3728726, at *9 (citing *Nowak*, 94 F.3d at 719–20).

A "strong presumption" exists in favor of a plaintiff's choice of forum. *Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir.2000). A defendant thus bears the burden to show that the case should be transferred. *Id.* Yet the presumption is not dispositive and "may give way to other overriding considerations." *Karmaloop, Inc. v. ODW Logistics, Inc.*, 931 F.Supp.2d 288, 290 (D.Mass.2013). Where the forum has no obvious connection to the case or where the plaintiff is not a forum resident, the plaintiff's presumption carries less weight. *U.S. ex rel. Ondis v. City of Woonsocket, Rhode Island*, 480 F.Supp.2d 434, 436 (D.Mass.2007) (citing 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction § 3848 (3d ed.2007)).

### A. *Presumption in Favor of Bowen's Chosen Forum Carries Little Weight Here*

After considering the relevant factors and the parties' arguments, the Court concludes that the case should be transferred to New Hampshire. The presumption in favor of Bowen's chosen forum ought to carry, as eLanes argues, "little to no weight" here. D. 9 at 10. Not only is Bowen not a Massachusetts resident (she lives in Vermont), but all of the allegedly discriminatory conduct occurred in New Hampshire, where Bowen worked. *See, e.g., Phifer*, 2015 WL 1943898, at *3 (transferring case in part because the plaintiff was a nonresident); *Lando & Anastasi, LLP v. Innovention Toys, L.L.C.*, 79 F.Supp.3d 375, 377 (D.Mass.2015) (transferring case because "the operative facts of [the] dispute ... have no material connection with this district").

Bowen argues that she chose this forum because her attorney is admitted to and has experience practicing before this Court. D. 12 at 4. But courts do not assess the convenience of counsel when determining whether to transfer under § 1404(a). *See, e.g., Phifer*, 2015 WL 1943898, at *4 (stating that "the convenience of counsel is not a factor to be assessed in determining whether to transfer a case under § 1404(a)") (citation and internal quotation mark omitted); *Kaufmann v. Prudential Ins. Co. of Am.*, 667 F.Supp.2d 205, 208 (D.Mass.2009) (stating that "[i]t is clear that the prosecution of this case in Massachusetts serves the convenience of no one other than plaintiff's attorney to whom the presumptive choice of forum rule does not apply").

She also argues that a connection to Massachusetts exists because eLanes has its principal office here. D. 12 at 5. eLanes notes, however, that many factors affect such a choice, and those factors are often unrelated to where that company transacts the majority of its business. D. 16 at 4. None of eLanes's restaurants are in Massachusetts, and all but one are in New Hampshire, including the restaurant where Bowen worked and the alleged acts against her occurred. "Whatever Massachusetts ties may arise" from eLanes's headquarters, they are "clearly ancillary to the [New Hampshire] connections at stake." *Thermo Niton Analyzers, LLC v. Morningsight Capital, LLC*, No. 10–cv–10374–NG, 2010 WL 2836157, at *2 (D.Mass. July 16, 2010).

### B. *Private Factors Support Transfer*

The Court's consideration of the private factors support transfer to the District of New Hampshire. The convenience of witnesses is "[p]robably the most important factor, and the factor most frequently mentioned, in passing on a motion to

transfer." *Ondis,* 480 F.Supp.2d at 437 (quoting *Brant Point Corp. v. Poetzsch,* 671 F.Supp. 2, 3 (D.Mass.1987)) (internal quotation mark omitted and alteration in original). In considering this factor, courts look at "the number of potential witnesses located in both the transferor and the transferee district, the nature and quality of their testimony, and whether the witnesses can be compelled to testify." *Fed. Ins. Co. v. XTRA Intermodal, Inc.,* No. 14–cv–14010–ADB, 2015 WL 4275181, at *5 (D.Mass. July 15, 2015) (citation and internal quotation marks omitted).

eLanes asserts that any corporate officer who would represent eLanes works out of a New Hampshire office. D. 9 at 10–11. Bowen faults eLanes for failing to specify which witnesses are in New Hampshire, D. 12 at 6. Given the nature of Bowen's allegations, however, any relevant corporate witnesses are likely to be outnumbered and less important than the fact witnesses—her managers, fellow employees and potential third parties in town who learned of the allegedly false rumors spread by her co-workers. *Atari v. United Parcel Serv., Inc.,* 211 F.Supp.2d 360, 365 (D.Mass.2002) (transferring case to New Jersey, where the tort occurred, because a greater number of witnesses who could testify on liability and damages were there). As Bowen acknowledges, the restaurant where she worked was in a small town, D. 1 ¶ 103, so like her, her co-workers and managers presumably live in or near West Lebanon, New Hampshire. In the event this case goes to trial and out-of-state witnesses are unwilling to testify, a New Hampshire court is better equipped to compel them to do so. D. 9 at 11. That Bowen (as stated at oral argument) may have secured an affidavit from a former employee stating his willingness to travel out-of-state to testify does not change the analysis. And although Bowen points out that Fed.R.Civ.P. 45(f) now permits a district court to transfer subpoena-related motions to the district court that issued the subpoena, such transfer is discretionary and the Court agrees with eLanes that the need for such procedure in the first place still suggests that the consideration of witness convenience weighs in favor of transferring the case to New Hampshire.

eLanes states that it expects any relevant documents to be located in its New Hampshire offices. *Id.* Bowen rejoins that "[w]idespread use of electronic discovery lessens" that fact's importance. D. 12 at 6 (citing *In re Hudson,* 710 F.3d 716, 719 (7th Cir.2013)). Although technological advances have undercut the importance of the physical location of documents, electronic discovery is unlikely to have an outsized role here due to the nature of Bowen's claim. Here, like most discrimination cases, the case may likely turn on what the witnesses saw, heard or did. The nature of Bowen's fast-food job and her short tenure also suggests that there is likely little, if any, significant electronic discovery evidence. On balance, the private factors favor transfer.

### C. *Public Factors Support Transfer*

The public factors also support transfer. As eLanes points out, a Massachusetts jury will have little to no interest in adjudicating a dispute between a Vermont citizen and a New Hampshire entity where the alleged conduct occurred entirely in New Hampshire. D. 9 at 12. By contrast, New Hampshire has "a clear interest in trying and resolving the case in a local forum, and fairness suggests that jury duty should fall on [its] citizens." *Atari,* 211 F.Supp.2d at 365. "[I]t would be a burden to impose jury duty upon the people of [Massachusetts] when they have no relation to the litigation." *Rivera–Carmona v. Am. Airlines,* 639 F.Supp.2d 194, 198 (D.P.R.2009).

Other practical and administrative difficulties raised by the parties tend to cancel each other out. eLanes's concern that this Court's caseload is more than twice of New Hampshire's, D. 9 at 12, is balanced by Bowen's desire to participate in the Court's mediation sessions led by the magistrate judges, D. 12 at 4–5. On balance, however, the public factors weigh in favor of transfer.

## VI. Conclusion

For these reasons, the Court GRANTS eLanes's motion to the extent that it sought the alternative relief of transfer, D. 8, and orders that this case be transferred to the U.S. District Court for the District of New Hampshire under 28 U.S.C. § 1404(a). Because the Court previously granted Bowen's motion to extend the time for service, D. 14, the Court DENIES eLanes's motion to dismiss the complaint under Fed.R.Civ.P. 12(b)(5) as moot. Because the Court granted eLanes's motion to transfer, the Court DENIES eLanes's request to dismiss Bowen's Title VII sexual harassment and unequal pay claims under Rule 12(b)(6) as moot for this Court. *See, e.g., Havas Worldwide New York, Inc. v. Lionsgate Entm't Inc.,* No. 15–cv–5018–KBF, 2015 WL 5710984, at *1 (S.D.N.Y. Sept. 29, 2015) (granting motion to transfer and denying Rule 12(b)(6) motion as moot); *Stokes v. Saga Int'l Holidays, Ltd.,* 218 F.R.D. 6, 7–12 (D.Mass.2003) (denying the defendant's Rule 12(b)(6) motion that the transferring court had declined to address); *U.S. ex rel. Ondis,* 480 F.Supp.2d at 438 (granting motion to transfer, but permitting judge in the transferee district to decide the defendants' motion to dismiss).

**So Ordered.**